CV-16-HA-0377-E

FILED

2016 Mar-02  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

FILED

2016 MAR -2  P 12: 13

U.S. DISTRICT COURT
N.D. OF ALABAMA

Inmate Identification Number:

21691

_____

(Enter above the full name of the plaintiff
in this action)

KELVIN
Townsend

vs.

OFFICER
Micheal
Jones

Judge Jeb Fannin

_____

_____

_____

(Enter above full name(s) of the defendant(s)
in this action)

*NOTICE TO FILING PARTY*

*It is your responsibility to
notify the clerk in writing of any
address change.*

*Failure to notify the clerk may
result in dismissal of your case
without further notice.*

I.   Previous lawsuits

   A.   Have you begun other lawsuits in state or federal court(s) dealing with the
        same facts involved in this action or otherwise relating to your imprisonment?
        Yes (   )         No ( ✓ )

   B.   If the answer to (A) is "yes," describe each lawsuit in the space below. (If there is more
        than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the
        same outline.)

        1.   Parties to this previous lawsuit:

             Plaintiff:   _____

             Defendant(s): _____

2

2. Court (if Federal Court, name the district; if State Court, name the county)

_____

3. Docket number _____ N/A _____

4. Name of judge to whom case was assigned _____ N/A _____

_____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

_____

6. Approximate date of filing lawsuit _____ N/A N/A _____

_____

7. Approximate date of disposition _____

II. Place of present confinement _____

A. Is there a prisoner grievance procedure in this institution?
Yes ( )      No ( ✓ )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?      Yes ( )      No ( ✓ )

C. If your answer is YES:

1. What steps did you take? _____

_____

2. What was the result? _____ N/A _____

_____

D. If your answer is NO, explain why not: _____ N/A _____

_____

_____

_____

_____

III. Parties.
In item (A) below, place your name in the first blank and place your present address in the second blank.

A.   Name of Plaintiff(s) *KELVIN TOWNSEND*

Address *TALLADEGA COUNTY JAil*
*P.O. BOX B TALLADEGA, AL 35/616*

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item (C) for the names, positions, and places of employment of any additional defendants.

B.   Defendant _____

Is employed as _____

at _____

C.   Additional Defendants _____

_____

_____

_____

IV. Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statues. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

*On June the 2th 2015 near the MillVillage in*
*Sylacauga Al 35150. I was arrested and charged*
*with CASE# CC201500029800. Officer Micheal Jones*
*appeared in front of Judge Fannin on June 15th 2015*
*using a previously prepared FormComplaint and,*
*Affidavit which contained a general description of the crime*

4

no to present the Townsend complaint to defendant District Judge Fann, as the sole evidence Supporting the issuance of the warrant. The warrant defendant Fann issued on June 15th 2015 failed to meet minimal constitutional standards. I Kevin Townsend was arrested an taken to jail by defendant officer Jones.

V. RELIEF

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.

The Form Complaint be dismissed and writ of Arrest be squashed and whatever the court deems proper

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2-25-16

SIGNATURE

ADDRESS Talladega County Jail P.O. Box Talladega AL. 35161

AIS # 21691

5

FILED

2016 MAR -2 P 12: **PLAINTIFFS ARGUMENTS**

U.S. DISTRICT COURT
N.D. OF ALABAMA

(1) The main agument plantiff presents here is.
   The complaint is unacompanied by a separate affidavit
and it lacked Factual Justification to support the
Arrest Warrant and thus the District Judge JEb Fannin
could not make a probable cause determination.

(2) Defendant Micheal Jones is liable becouse he sought
an Arrest Warrant based on a Form Complaint. That
contained no evidence of probable cause, this complaint
did not show a reasonable objective of probable cause
even if Defendant Judge JEb Fannin erroneously issued
the warrant.

(3) Defendant officer Micheal Jones, a reasonably well-
trained officer would have that his complaint failed to
establish probable cause, that he should not applied for a
warrant, if such the case. Defendant Micheal Jones warrant
was not objectively reasonable becouse it created the un-
necessary danger of Unlawful Arrest, Defendant Jones
appears to have violated a clearly established Constitutional
Right of Townsend

(4) Defendant officer Micheal Jones was seeking this
warrant, must establish his ground for his belief, that
plaintiff Townsend committed the crime and where the
belief is based upon. (someone) witnessing the offence. The
complaint should establish who witnessed the offence.

(5) Plaintiff Townsend also must point out that an insufficient form complaint cannot be rehabilitated by later testimony, concerving information possessed by Defendant Jone's, but not disclosed to defendant Judge Jeb Fannin issuing authority.

(6) Thus a Form Complaint would be insufficient, where by recites the elements without a disclosure regarding why it appears to officer that defendant performed those elements.

(7) Plantiff Townsend continued, contented that the complaint is a Form that defendant Jones. The highlighted Darkprint on the complaint filled in my name and someone address, if that fact is true then Townsends case is not unique it was previously prepared Form Complaint.

(8) The complaint sets forth here according to Ala.Court.Com The Alabama State court electronic filing system. The relevent crime in general terms refers to Townsend and it says he committed the crime, but no where does it indicate how defendant Jones knows or why he believes that Townsend committed the crime. Affiant defendant Jones did not speak with personal knowledge of the matter contained therein.

(9) Defendant Jones did not say he saw the offence being committed, which he did not. Defendant Judge Fannin could not and did not make an determination of probable cause. It appears that defendant Fannin violated the Fourth Amendmant of the United States Constitution. However

the Constitution of the United States provide that no warrant shall be issued but upon probable cause, supported by oath or affirmation.

(10) Defendant Judge Jeb Fannin would have known or should have known, that a Form complaint that un-accompanied by separate Affidavits is clearly inadequate under well established Supreme Court case law. And this Form complaint did not afford plantiff Townsend Due process of Law nor equal protection of Law.

(11) Plaintiff Townsend has a Constitutional Right to a Finding of Probable Cause before a warrant or summins is issued for Townsend to answer.

(12) Defendant Judge Jeb Fannin should have judge for himself the persuasivness of the facts relied upon defendant Jones the complaintant to show probable cause. Defendant Fannin should not have accepted without question the crime outlined. The Fourth Amendmant requires that Magistrates determine probable cause for themselves and not rely on the conclusion of the police. This Form complaint could not provide a foundation for defendant Judge Fannin to make a judgement that this warrant is justified.

# Statement of Claims

(1) Defendant Micheal Jones, Defendant Judge Jeb Fannin, willfully violated the Fourth Amendment Right of Plantiff Kevin Townsend probable cause was not at the arrest. Probable cause was not in the face on this Form Complaint, probable cause were not found at the Initial Appearance. The Constitution of the United States provide that no warrant shall be issued but upon probable cause supported by oath of Affirmation Fourth Amendment.

(2) Defendant officer Micheal Jones and Defendant District Judge Jeb Fannin, willfully created the unnecessary danger of an unlawful Arrest. This also is unlawful and unconstitutional holding plantiff Kevin Townsend in the Talladega County Jail without reasonable justification, defendant Jones and defendant Jeb Fannin willfully and knowingly deprived him of his Fifth Amendment Right. Provide that no one shall be deprived of Life, Liberty or Property without due process of Law.

(3) Defendant officer Micheal Jones and defendant District Judge Jeb Fannin willfully denied me Kevin Townsends American Citizens Right, Human being Rights. All Persons with the Jurisdiction of the United States.

(4) Defendant Judge Fannin, defendant Jones willfully deprives me Kevin Townsend of my Fourthteen Amendment Right. They did not Afford me Due process of Law or Equal Protection of the Law. The Constitution has made it supreme

to the constitution state officials and states, themselves owe first obligations. The Right belonged to Townsend not because i am Negro or member of any particular race or creed, because i am American Citizen. These defendants did not afford me equal protection of the Law nor due process of the law.

Defendant District Judge Jeb Fannin
Defendant OFFicer Micheal Jones

Every person who under color of any statue ordinance, regulation custom or usage of any state or territory, subjects or causes to be subjected any Citizen of the United States or other person within the Jurisdiction thereof to the deprivation of any Rights, privlages or Immunitys Secured by the constitutions and Laws, shall be liable to the part injured in the Action at Law. Suit equity or other proper proceeding for rediness 42 U.S.C § 19.83.

Defendant District Judge Jeb Fannin and Defendant Micheal Jones failure to comply with elementary principle of procedural due process, of the Fourth, Fifth and Fourteenth Amendment of equal protection and Due process of Law 42. U.S.C § 19.83.