# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| KELVIN TOWNSEND, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cv-00377-MHH-SGC |
| MICHAEL JONES, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On June 30, 2016, the magistrate judge filed a report in which she reviewed Mr. Townsend's *pro se* complaint pursuant to 28 U.S.C. § 1915A(b) and recommended that the Court dismiss this action without prejudice for failing to state a claim upon which relief can be granted. (Doc. 15). The magistrate judge advised Mr. Townsend of his right to file specific written objections to the report within fourteen (14) days. The Court has not received written objections from Mr. Townsend, but Mr. Townsend filed a "Motion to Proceed Final Amend Complaint" (Doc. 16) and a "Motion to Supplement Evidence" (Doc. 17). Mr. Townsend also filed a "Motion to Compel[] For Injunctive Relief Probable Cause Determination" (Doc. 13) and a "Motion Supplementing Evidence" (Doc. 14) before the magistrate judge filed her report.

**STANDARD OF REVIEW**

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report, a district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(B)-(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

**DISCUSSION**

For purposes of this discussion, the Court treats Mr. Townsend's "Motion to Proceed Final Amend Complaint" (Doc. 16) and his "Motion to Supplement Evidence" (Doc. 17) as objections to the magistrate judge's report and recommendation. In his motions, Mr. Townsend repeats and reiterates the allegations in his original and amended complaints. In short, Mr. Townsend contends that he was arrested on state criminal charges without probable cause in violation of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, and he asks the Court to enjoin the state court criminal proceedings. (Doc. 11; Doc. 16, pp. 4-7; Doc. 17, pp. 1-2). He alleges that the complaint that

led to his 1991 arrest for first degree rape was unconstitutional, so that his 2015 arrest for violation of the Alabama Sex Offender Registration and Community Notification Act ("ASORCNA") was without probable cause. (*See* Docs. 11, 16, and 17). He asks this Court to order the "state authorities" to give him a "determination of probable cause." (Doc. 16, p. 5).

The magistrate judge accurately explained to Mr. Townsend why the relief he seeks in this federal action is not available to him. Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from consideration of constitutional claims when the claims arise out of an ongoing state prosecution. *Id.,* 401 U.S. at 45; *see also Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) (citations omitted). This Court must "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 15 (1987). Mr. Townsend has not alleged that he lacks the opportunity to challenge probable cause in the state court proceeding. Because *Younger* abstention is appropriate, the magistrate judge properly concluded that Mr. Townsend's request for injunctive relief must be dismissed. (Doc. 11, p. 3; Doc. 16, p. 5).[1]

---

[1] Mr. Townsend has not requested an award of compensatory damages. If he had, as the magistrate judge pointed out, the doctrine of absolute judicial immunity would bar a damages claim against Judge Fannin because "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in

**CONCLUSION**

Having carefully reviewed and considered the materials in the court file, the Court accepts the magistrate judge's recommendation and dismisses this action without prejudice pursuant to 28 U.S.C. § 1915A(b).

A Final Judgment will be entered.

**DONE** and **ORDERED** this October 6, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

error, malicious, or were in excess of his or her jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).